IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA DAVE GIPAN MAILING, | No. 2:16-cv-1800-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| JEH CHARLES JOHNSON, et al., | |
| Respondents. | |
| _____ / | |

       Petitioner, a detainee proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his detention by the Immigration and Customs Enforcement. Petition has filed a request that this case be consolidated with another case, 2:16-cv-1263 JAM EFB.

       28 U.S.C. § 2243 provides that the court shall issue an order directing a response to the writ "unless it appears from the application that the applicant . . . is not entitled" relief. Petitioner originally filed this action in the Northern District of California. After determining the proper venue lies within the Eastern District of California, the action was transferred to this court. However, at the same time petitioner filed this action in the Northern District, he filed a duplicative petition in this court, case 2:16-cv-1263 JAM EFB. Petitioner has requested this case

be consolidated with his other current action. Where a petitioner is proceeding pro se and files a new petition before the district court has fully adjudicated the petitioner's prior petition, the Ninth Circuit has directed that the court should construe the new petition as a motion to amend the petition rather than as a "second or successive" petition. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008). However, the undersigned finds neither consolidation nor construing the petition as a motion to amend would serve a legitimate purpose. The petitions filed in the two separate actions are identical. Accordingly, there is nothing to consolidate nor would there be anything to amend. Rather, this action should simply be dismissed as duplicative of case number 2:16-cv-1263 JAM EFB, which is an active case.

Based on the foregoing, the undersigned recommends that petitioner's petition for writ of habeas corpus be dismissed as duplicative of the petition filed in case 2:16-cv-1263 JAM EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 9, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE